UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KELVIN WAYNE DIXON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-817 DRL-SJF |
| DANIELLE HAMLIN, LEEANN IVERS, KRISTIN PARTAIN, SHALANA SEIFERT, FELISHA GARY, HEATHER MOTEZ, CENTURION HEALTH SERVICES, and ARAMARK FOOD SERVICES, | |
| Defendants. | |

OPINION AND ORDER

Kelvin Wayne Dixon, a prisoner without a lawyer, filed a complaint alleging vague deficiencies with his medical care at Miami Correctional Facility, but he fails to provide specific details of his diagnosis or treatment. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Dixon's complaint is filled with legal assertions without much information about the factual background underlying those assertions. The court has been able to

discern the complaint that Mr. Dixon has (or had) a cancerous tumor that is being treated by an oncologist. As part of that treatment, he takes the medication imatinib,[1] and perhaps others. He does not say what kind of cancer he has, what kind of treatment he has had, or what stage of treatment he currently is in. Instead, he complains that various defendants have not taken steps to ensure that his medications are consistently renewed, but he does not say how often this happens or how long he goes without medication. He also complains that prison medical staff are not complying with his oncologist's orders for a CT scan every 90 days to monitor whether the tumor has come back, but he does not say whether these scans never happen or are simply delayed.

Similarly, Mr. Dixon alleges that he was improperly taken off his pre-renal diet, which he says he needs to stave off kidney failure that was caused by his cancer medication. But he doesn't say who is responsible for ordering the diet or what he knows about why it was discontinued.

As it stands, the complaint does not state a claim for deliberate indifference under the Eighth Amendment, which requires more than medical malpractice or negligent behavior. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer,* 511 U.S. at 834. A medical need is "serious" if it is one that a

---

[1] Imatinib is a medication used to treat different types of cancer or bone marrow conditions. *See Imatinib (oral route)*, Mayo Clinic, https://www.mayoclinic.org/drugs-supplements/imatinib-oral-route/description/drg-20068331 (last visited Sept. 29, 2025).

2

physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). As the Seventh Circuit has explained:

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Id.* at 697-698. Negligence, incompetence, or even medical malpractice do not amount to deliberate indifference. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).

The Eighth Amendment does not require perfect compliance with a medical treatment plan, and there is not enough information in the complaint for the court to determine if Mr. Dixon's problems with his medication happened only occasionally over

3

the past year at Miami or if they happened with such frequency as to plausibly cross the line into deliberate indifference. *See Zentmyer v. Kendall Cnty.*, 220 F.3d 805, 811 (7th Cir. 2000) ("[D]eliberate indifference is an onerous standard for the plaintiff, and forgetting doses of medicine, however incompetent, is not enough to meet it here."). *But see Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004) (single instance of missed medication can constitute deliberate indifference if medicine withheld deliberately and with malice). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotations and brackets omitted).

This complaint does not state a claim for which relief can be granted. If Mr. Dixon believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner

Complaint" and send it to the court after he properly completes the form. It is important that he provide more information about his cancer diagnosis and treatment and explain each defendant's personal involvement in the alleged deficiencies with his care.

For these reasons, the court:

(1) GRANTS Kelvin Wayne Dixon until **November 4, 2025**, to file an amended complaint; and

(2) CAUTIONS Kelvin Wayne Dixon if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 1, 2025

*s/ Damon R. Leichty*
Judge, United States District Court