UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KELVIN WAYNE DIXON,

    Plaintiff,

        v.

DANIELLE HAMLIN, KRISTIN
PARTAIN, CENTURION HEALTH
SERVICES, WARDEN, STEPHANIE
RILEY,

    Defendants.

CAUSE NO. 3:25cv817 DRL-SJF

OPINION AND ORDER

Kelvin Wayne Dixon, a prisoner without a lawyer, was granted leave to proceed on several claims relating to the post-cancer and other medical care he is receiving at Miami Correctional Facility. ECF 16. He filed an amended complaint, seeking to add an additional claim against a new defendant, Dr. Stephanie Riley. ECF 48. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted).

The allegations in the amended complaint track the allegations of the original complaint regarding the claims against the Warden of Miami Correctional Facility,

Centurion Health Services, Nurse Danielle Hamlin, and Dr. Kristin Partain. Because those allegations remain unchanged, the claims Mr. Dixon was already granted leave to proceed on will continue, without further discussion.

A full recitation of the facts is found in the court's prior screening order, which the court incorporates into this opinion. *See* ECF 16. In looking at the additional allegations, Mr. Dixon alleges that in February 2026, he went more than seven days without Flexeril, the pain medication he takes to manage the muscle pain and cramping he experiences as a side effect from the cancer medication, Imanitib. He blames this gap in medication on Dr. Stephanie Riley, the medical director at Centurion. He alleges that on February 11, 2026, when he went to get his dose of Flexeril, NP Kim Myers told him she had ordered Flexeril, a non-formulary drug requiring special approval, two weeks ago, and last week Dr. Riley emailed, asking why the medication was needed. She said she responded to the email. NP Myers then said she got a follow-up email five days later, asking about the expected need for Mr. Dixon's cancer medication. She responded but had not heard back from Dr. Riley or Centurion by February 11, when Mr. Dixon was in the medication line. Mr. Dixon argues Dr. Riley is responsible for this and other gaps in his non-formulary medication by delaying approval.

To state an Eighth Amendment claim for the denial of the right to adequate medical care, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical need is "serious" if it is one that a physician has

diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

On the second prong, deliberate indifference represents a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up). "Deliberate indifference occupies a space slightly below intent and poses a high hurdle and an exacting standard requiring something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quotations and citation omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). As the Seventh Circuit has explained:

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Id.* at 697-698. Negligence, incompetence, or even medical malpractice do not amount to deliberate indifference. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).

Giving Mr. Dixon the inferences to which he is entitled at this stage of the proceedings, he may proceed against Dr. Riley for deliberate indifference to his muscle pain and cramps by withholding timely approval for the non-formulary medication, Flexeril, resulting in unnecessary pain.

For these reasons, the court:

(1) GRANTS Kelvin Wayne Dixon leave to proceed against Dr. Stephanie Riley in her individual capacity for compensatory and punitive damages for deliberate indifference to his muscle pain and cramps by withholding timely approval for the non-formulary medication, Flexeril, resulting in unnecessary pain in violation of the Eighth Amendment;

(2) GRANTS Kelvin Wayne Dixon leave to proceed against Centurion Health Services in its official capacity for compensatory and punitive damages for putting into place a constitutionally deficient system for dispensing and renewing medications in violation of the Eighth Amendment;

4

(3) GRANTS Kelvin Wayne Dixon leave to proceed against Nurse Danielle Hamlin in her individual capacity for compensatory and punitive damages for denying him a prescription for Bengay or other adequate treatment for his muscle pain and cramps in violation of the Eighth Amendment;

(4) GRANTS Kelvin Wayne Dixon leave to proceed against Nurse Danielle Hamlin and Dr. Kristin Partain in their individual capacities for compensatory and punitive damages for denying him a pre-renal or renal diet to address his alleged kidney damage in violation of the Eighth Amendment;

(5) GRANTS Kelvin Wayne Dixon leave to proceed against Nurse Danielle Hamlin and Dr. Kristin Partain in their individual capacities for compensatory and punitive damages for failing to take further steps to address his walking difficulties in violation of the Eighth Amendment;

(6) GRANTS Kelvin Wayne Dixon leave to proceed against the Warden of Miami Correctional Facility in his official capacity for permanent injunctive relief to receive constitutionally adequate medication administration, medical care for his muscle pain and cramps, and medical care for his kidney damage to the extent required by the Eighth Amendment;

(7) DISMISSES all other claims;

(8) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Stephanie Riley at Centurion Health of Indiana, LLC,

5

with a copy of this order, the prior screening order (ECF 16), and the amended complaint (ECF 48);

(9) ORDERS Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Stephanie Riley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order,

(11) REMINDS the other defendants that, under Fed. R. Civ. P. 15(a)(1)(3), their answer to the amended complaint is due within 14 days; and

(12) LIFTS the stay (ECF 47).

SO ORDERED.

August 4, 2026                              _s/ Damon R. Leichty_____
                                            Judge, United States District Court